IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-173-KS

BETTY JEAN BROWER,  )
        Plaintiff,  )
v.  )      **ORDER**
CAROLYN W. COLVIN,  )
Acting Commissioner of Social Security,  )
        Defendant.  )

This matter is before the court pursuant to Fed. R. Civ. P. 12(c) on the parties' cross motions for judgment on the pleadings [DE # 25 & 29], the parties having consented to proceed pursuant to 28 U.S.C. § 636(c). Plaintiff Betty Jean Brower filed this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the denial of her application for a period of disability, disability insurance benefits, and supplemental security income. The parties have fully briefed the issues, and the pending motions are ripe for adjudication. The court has carefully reviewed the administrative record and the motions and memoranda submitted by the parties. For the reasons set forth below, the court grants Plaintiff's Motion for Judgment on the Pleadings, denies Defendant's Motion for Judgment on the Pleadings and remands the matter to the Commissioner for further proceedings.

## STATEMENT OF THE CASE

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on February 6, 2011, alleging disability beginning November 22, 2011. (Tr. 163-64, 188-89, 353, 355.) Plaintiff later amended her onset date to March 8, 2012. (Tr. 97.) The

application was denied initially and upon reconsideration, and a request for hearing was filed. (Tr. 163-64, 188-89.) On January 9, 2014, a hearing was held before Administrative Law Judge David Benedict ("ALJ"), who issued an unfavorable ruling on March 24, 2014. (Tr. 41, 79.) Plaintiff's request for review by the Appeals Council was denied, making the ALJ's decision the final decision of the Commissioner. (Tr. 1.) Plaintiff now seeks judicial review of the final administrative decision.

## DISCUSSION

**I.     Standard of Review**

The scope of judicial review of a final agency decision denying disability benefits is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; [i]t consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)) (internal quotation marks and citation omitted) (alteration in original). "'In reviewing for substantial evidence, [the court should not] undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner].'" *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig*, 76 F.3d at 589) (internal quotation marks omitted) (first and second alterations in original). Rather, in conducting the "substantial evidence" inquiry, the court determines whether the Commissioner has considered all relevant evidence and sufficiently explained the weight accorded to the evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997). ). "Judicial review of an administrative

2

decision is impossible without an adequate explanation of that decision by the administrator." *DeLoatche v. Heckler,* 715 F.2d 148, 150 (4th Cir. 1983).

## II. Disability Determination Process

In making a disability determination, the Commissioner utilizes a five-step evaluation process. The Commissioner asks, sequentially, whether the claimant: (1) is engaged in substantial gainful activity; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, App. 1; (4) can perform the requirements of past work; and, if not, (5) based on the claimant's age, work experience and residual functional capacity can adjust to other work that exists in significant numbers in the national economy. *See* 20 C.F.R. § 404.1520; *Albright v. Comm'r of the Soc. Sec. Admin.*, 174 F.3d 473, 74 n.2 (4th Cir. 1999). The burden of proof and production during the first four steps of the inquiry rests on the claimant. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. *Id.*

## III. ALJ's Findings

Applying the five-step, sequential evaluation process, the ALJ found Plaintiff "not disabled" as defined in the Act. (Tr. 41.) At step one, the ALJ found Plaintiff had not engaged in substantial gainful employment since March 8, 2012. (Tr. 32.) Next, he determined that Plaintiff had the following severe impairments: "diabetes mellitus; left sacroilitis/chronic pain syndrome; and hypertension." (Tr. 32.) Additionally, the ALJ determined Plaintiff had the following non-severe impairments: hyperlipidemia/hypercholesterolemia, gastroesophageal reflux disease/nausea, and shoulder pain. (Tr. 33.) At step three, the ALJ concluded Plaintiff's

3

impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 33-34.)

Prior to proceeding to step four, the ALJ assessed Plaintiff's residual functional capacity ("RFC") and found that Plaintiff had the capacity to perform medium work "except she can occasionally climb ladders, ropes, or scaffolds and she can perform frequent stooping. She must avoid concentrated exposure to hazards such as dangerous moving machinery and unprotected heights." (Tr. 34.) The ALJ determined that Plaintiff was capable of performing her past relevant work as a janitorial services supervisor and additionally concluded that there were other jobs in the national economy that Plaintiff could perform. (Tr. 39-40.)

## IV. Plaintiff's Contentions

Plaintiff challenges the Commissioner's final decision denying benefits on four grounds. Plaintiff first contends that the ALJ erred in his RFC determination by failing to properly weigh medical opinions and failing to develop the record. Second, Plaintiff asserts that the ALJ improperly evaluated Plaintiff's credibility. Third, Plaintiff contends that the ALJ erred in his Step 4 and Step 5 analysis. Lastly, Plaintiff argues that the ALJ determination that Plaintiff could perform medium work is not supported by substantial evidence and that Plaintiff should be considered disabled under the grids.

### a. Residual Functional Capacity

Plaintiff asserts that the ALJ's RFC determination that she can perform medium work is not supported by substantial evidence. The court agrees. The RFC is an administrative assessment of "an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis" despite impairments and related symptoms. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. § 416.945(a)(1). In

4

determining the RFC, the ALJ considers an individual's ability to meet the physical, mental, sensory and other requirements of work. 20 C.F.R. § 416.945(a)(4). It is based upon all relevant evidence and may include the claimant's own description of limitations from alleged symptoms. SSR 96-8p, 1996 WL 374184, at *5; 20 C.F.R. § 416.945(a)(3). Finally, the RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted as consistent with the medical and other evidence." SSR 96-8p, 1996 WL 374184, at *7.

Prior to filing the application at issue here, Plaintiff had filed an application for benefits that was denied by ALJ Mason Hogan on November 21, 2011. (Tr. 136.) ALJ Hogan determined that Plaintiff could perform a full range of light work and was, therefore, not disabled. (Tr. 129, 135.) While the ALJ here addressed the previous decision and assigned that determination little weight, his analysis does not adequately explain how he came to a determination inconsistent with the prior decision. In determining that Plaintiff could perform medium work with restrictions instead of light work, the ALJ stated:

> While [ALJ Hogan's] decision was appropriate under the law, the undersigned finds that the claimant's *subsequent application included additional evidence*, which establishes the claimant is less limited than previously determined. As discussed herein, the objective physical exams have consistently been normal aside from some slight reflex problem[s] and some stiffness. There is no indication in the current evidence that shows the claimant would be unable to perform medium work. Accordingly, the undersigned gives little weight to Judge Hogan's opinions, but *found that the new evidence confirms* a residual capacity that deviates from his decision.

(Tr. 39 (emphasis added).) Although the ALJ appears to have relied on "additional evidence" that was inconsistent with the prior decision, he did not identify what that evidence was. Nor did he explain how that evidence demonstrates that Plaintiff's impairments or symptoms have improved since the November 2011 decision.

5

To the extent the ALJ's determination was based upon "objective physical exams [that] have been normal aside from some slight reflex problem[s] and some stiffness," his reliance appears misplaced. In his November 2011 decision, ALJ Hogan addressed Plaintiff's medical records stating, "Although the claimant has had diagnostic tests subsequent to her complaints of pain, imaging studies have been normal, testing has demonstrated no abnormalities, and *physical examinations have been normal or benign*." (Tr. 134 (emphasis added).) ALJ Hogan further addressed the fact that Plaintiff's treating physicians did not think she required work restrictions. (Tr. 133-34.) Consequently, Plaintiff's "normal physical exams" do not support a finding that Plaintiff's condition has improved since ALJ Hogan's prior decision.

Furthermore, the medical evidence of record does not dictate a finding that Plaintiff's back condition has improved since November 2011. Instead, her physicians frequently note that her pain is stable or in status quo. (Tr. 788, 807, 814, 820.)

In sum, the ALJ failed to reconcile the inconsistency between his determination that Plaintiff can perform medium work and ALJ Hogan's prior determination that Plaintiff was limited to light work. As a consequence, the court is unable to determine whether ALJ's decision is supported by substantial evidence and this case must, therefore, be remanded to the Commissioner for further consideration.

  b. **Remaining Challenges**

Plaintiff also asserts that the ALJ erred in assessing her credibility and the medical opinion evidence, erred in his Step 4 and Step 5 analysis, and failed to develop the record. (Pl.'s Mem. [DE #26] at 1.) Because this case is being remanded for further consideration of Plaintiff's RFC, there exists a substantial possibility that the Commissioner's findings may be different on remand. Accordingly, the court expresses no opinion as to Plaintiff's remaining assignments of error.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings [DE #25] is GRANTED, Defendant's Motion for Judgment on the Pleadings [DE #29] is DENIED and the case is REMANDED to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further consideration.

This 30th day of August 2016.

KIMBERLY A. SWANK
United States Magistrate Judge